## BEAN v. MOORE et al.

1. AMENDMENTS.—The power given to the courts by statute to amend any process, pleading, etc., is not mandatory, but it rests in the sound discretion of the court to grant or refuse an amendment.

2. SAME—ERROR.—The decision of the court, upon an application to amend, can be assigned as error only in cases of marked abuse of discretion. Where the court, after the jury were sworn, refused the plaintiff's application to amend his declaration a second time, and the plaintiff thereupon submitted to a nonsuit, *held*, that this ruling was not an abuse of discretion.

(2 *Chand.* 44.)

ERROR to the Circuit Court for *Portage* County.

This was an action of assumpsit. At the circuit, and before the cause was reached, the plaintiff's attorney made a motion for leave to amend his declaration, by entering a discontinuance as to one of the defendants, which motion was granted. After the granting of this motion the parties declared themselves ready for the trial of the cause, and a jury was empanneled and sworn for that purpose. The plaintiff then made

Bean vs. Moore et al.

a motion further to amend the declaration, by adding a new special count. The motion was overruled, and thereupon the plaintiff submitted to a nonsuit, upon the qualification that, if the court should, upon writ of error, reverse the decision denying the motion to amend, then the nonsuit should be set aside or waived, and the cause be tried. The plaintiff then took an exception to the ruling, denying the motion further to amend, and the case comes here upon such exception.

*M. M. Strong*, for plaintiff in error.

*Collins & Alban*, for defendant in error.

WHITON, J. The plaintiff in this cause, after the trial had begun, moved for leave to amend his declaration by adding a special count. This was refused, and thereupon he submitted to a nonsuit, subject to the opinion of this court.

The power is given by our statute of amendments to the court to amend any process, pleadings or proceedings, at any time before judgment, for the furtherance of justice. The statute is in no sense mandatory, nor is any absolute right secured to parties litigant. The power is wisely given to the court, for the benefit of suitors, and for the dispatch of business, to be exercised within its sound discretion.

Hence, the ruling in this cause is not strictly a matter subject to a writ of error, and it is only in cases of marked abuse of discretion that this court will entertain such a question.

Whether leave should be given to amend, must depend upon the circumstances of each case, for no rule can be laid down which will be applicable to every case in court.

Judgment affirmed.